UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

---

LEROY E. HANNA,

                         Plaintiff,

           v.

CAMBA, INC,

                         Defendant.

**MEMORANDUM AND ORDER**
22-CV-1117 (LDH) (VMS)

---

LASHANN DEARCY HALL, United States District Judge:

       Leroy E. Hanna ("Plaintiff"), proceeding pro se, brings this action against Camba, Inc. (together, "Defendant"), asserting a claim for discrimination pursuant to the Americans with Disabilities Act ("ADA"), 42 U.S.C. §§ 1981(a), 1983 and various state law claims. For the reasons set forth below, the complaint is dismissed for lack of subject matter jurisdiction.

## BACKGROUND[1]

       Plaintiff was a resident in an apartment building located at 738 Albany Avenue, Brooklyn NY, 11203 from February 27, 2014 until an unspecified time in 2021. (Compl. at 2, ECF No. 1.) Plaintiff alleges that while he was a resident, Defendant engaged in conduct that negatively impacted his emotional, mental and physical health. (*Id.* at 3.) Plaintiff alleges that to save on heating costs, Defendant knowingly disregarded the fact that it used broken thermostats to heat his apartment unit. (*Id.* at 2.) In addition, because of Defendant's "personal dislike" for Plaintiff, Defendant changed his move-in date, which caused Plaintiff to be charged for additional rent and added charges to his account. (*Id.*) Plaintiff further alleges that Defendant's head maintenance worker attempted to take his package in November 2020, and that in May 2020, a security guard threw a cup at him. (*Id.* at 3.) Plaintiff now suffers from anxiety and insomnia. (*Id.* at 4.) Plaintiff seeks one hundred million dollars in punitive damages. (*Id.*)

## STANDARD OF REVIEW

"A case is properly dismissed for lack of subject matter jurisdiction under Rule 12(b)(1) when the district court lacks the statutory or constitutional power to adjudicate it." *Makarova v. United States*, 201 F.3d 110, 113 (2d Cir. 2000). "If a court lacks subject matter jurisdiction, it must dismiss the action." *Shuford v. United States*, No. 13-CV-06303, 2014 WL 4199408, at *1 (E.D.N.Y. Aug. 21, 2014). A court evaluating a motion to dismiss under Rule 12(b)(1) "accepts as true all factual allegations in the complaint but does not draw inferences favorable to the party asserting jurisdiction." *Foad v. Holder*, No. 13-CV-6049, 2015 WL 1540522, at *2 (E.D.N.Y. Apr. 7, 2015) (citing *J.S. ex rel. N.S. v. Attica Cent. Sch.*, 386 F.3d 107, 100 (2d Cir. 2004)). A plaintiff asserting subject matter jurisdiction must prove by a preponderance of the evidence that subject matter jurisdiction exists. *Makarova*, 201 F.3d at 113 (citing *Malik v. Meissner*, 82 F.3d 560, 562 (2d Cir. 1996)).

Moreover, where, as here, a plaintiff is proceeding pro se, his pleadings "must be construed liberally and interpreted to raise the strongest arguments that they suggest." *Sykes v. Bank of Am.*, 723 F.3d 399, 403 (2d Cir. 2013) (quoting *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006)). A pro se complaint, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Boykin v. KeyCorp*, 521 F.3d 202, 213–14 (2d Cir. 2008) (quoting *Erickson v. Pardus*, 55 U.S. 89, 94 (2007) (per curiam)). This is "particularly so when the pro se plaintiff alleges that [her] civil rights have been violated." *Sealed Plaintiff v. Sealed Defendant*, 537 F.3d 185, 191 (2d Cir. 2008). Still, "even pro se plaintiffs asserting civil right claims cannot withstand a motion to dismiss unless their pleadings contain factual allegations sufficient to raise a 'right to relief above the speculative level.'" *Jackson v. NYS Dep't of Labor*, 709 F. Supp. 2d 218, 224 (S.D.N.Y. 2010) (quoting *Twombly*, 550 U.S. at 555)).

**DISCUSSION**

"It is a fundamental precept that federal courts are courts of limited jurisdiction." *Platinum-Montaur Life Scis., LLC v. Navidea Biopharmaceuticals, Inc.,* 943 F.3d 613, 616 (2d Cir. 2019) (citation omitted). Among the most important of these limits is subject matter jurisdiction, which informs "a court's competence to adjudicate a particular category of cases." *Id.* (quoting *Wachovia Bank v. Schmidt*, 546 U.S. 303, 305 (2006). To establish subject matter jurisdiction, a plaintiff may either (1) "plead[] a colorable claim arising under the Federal Constitution or laws," or (2) "present[] a claim between parties of diverse citizenship that exceeds the required jurisdictional amount" of $75,000. *Arbaugh v. Y&H Corp.*, 546 U.S. 500, 501 (2006) (citing 28 U.S.C. § 1331, 1332).

Here, Plaintiff purports to raise a federal question in two ways. *First*, in Plaintiff's complaint, he alleges that one of the bases for jurisdiction is "[d]iscrimination." (Compl. at 1.) *Second*, on November 3, 2022, when the Court directed Plaintiff to show cause why his case should not be dismissed for lack of subject matter jurisdiction and for a failure to state a claim, Plaintiff responded by raising additional grievances he has with Defendant and listing numerous federal statutes, such as 42 U.S.C. §§ 1981, 1983, 29 U.S.C. § 701, 504 and 505, and the Americans with Disabilities Act ("ADA"). (Pl.'s OTSC Ltr. at 3.) But, "simply raising a federal issue in a complaint will not automatically confer federal question jurisdiction . . . if the purported federal claim is wholly insubstantial and frivolous." *Perpetual Sec., Inc. v. Tang*, 290 F.3d 132, 137 (2d Cir. 2002), and *Smith v. US Bank Nat'l Ass'n Mastr Asset, Sec. Tr. WMC2*, No. 22-CV-04207, 2022 WL 2906201, at *2 (E.D.N.Y. July 22, 2022))). That is precisely what Plaintiff attempts to do here.

Indeed, Plaintiff fails to plead any facts from which the Court could infer that he raises a federal question. Plaintiff's complaint and response to the Court's order to show cause largely contains allegations concerning alleged harassment and unprofessional behavior by Defendant's staff and Defendant's failure to respond to Plaintiff's concerns. In short, Plaintiff's allegations do not implicate a federal question.

Plaintiff also fails to establish diversity jurisdiction. Plaintiff alleges that he resides at 738 Albany Avenue, Apartment 5D in Brooklyn, New York, and that Defendant is located at 1720 Church Avenue, in Brooklyn, New York. (Compl. at 1.) There are no facts from which the Court can infer that there is diversity of citizenship. *See Herrick Co. v. SCS Commc'ns, Inc.*, 251 F.3d 315, 325 (2d Cir. 2001) (holding that diversity statute mandates complete diversity); *see also MinedMap, Inc. v. Northway Mining, LLC*, 2022 WL 570082, at *2 (2d Cir. Feb. 25, 2022) (holding that because plaintiff's "second amended complaint failed to allege the membership and citizenship of several of the defendants, [this] suffices to grant dismissal for lack of subject matter jurisdiction").

Accordingly, Plaintiff has failed to demonstrate that this Court has subject matter jurisdiction over his claims.

## CONCLUSION

For the reasons set forth above, Plaintiff's claims are dismissed without prejudice pursuant to Fed. R. Civ. P. 12(h)(3).

Although Plaintiff paid the filing fee to initiate this action, the Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal would not be taken in good faith and therefore *in forma pauperis* status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444–45 (1962).

The Clerk of Court is respectfully directed to enter judgment and close this case. Counsel for Defendant is directed to mail a copy of this order to Plaintiff and must file proof of service via ECF.

SO ORDERED.

Dated: Brooklyn, New York
      September 25, 2023

/s/ LDH
LASHANN DEARCY HALL
United States District Judge